**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2390-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JULIO FREZA, a/k/a JULIO FRIZA,

    Defendant-Appellant.

_____

Submitted January 31, 2018 — Decided August 3, 2018

Before Judges Fuentes, Koblitz and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Somerset County, Indictment No.
12-07-0563.

Joseph E. Krakora, Public Defender, attorney
for appellant (Monique D. Moyse, Designated
Counsel, on the brief).

Michael H. Robertson, Somerset County
Prosecutor, attorney for respondent
(Alexander C. Mech, Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Defendant Julio Freza appeals from the order of the Criminal

Part denying his post-conviction relief (PCR) petition.  We affirm.

A Somerset County Grand Jury returned an indictment against defendant charging him with first degree robbery, N.J.S.A. 2C:15-1, second degree burglary, N.J.S.A. 2C:18-2, second degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), two counts of fourth degree aggravated assault, N.J.S.A. 2C:12-1(b)(4), third degree criminal restraint, N.J.S.A. 2C:13-2(a), and third degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(c)(1).

Defendant negotiated an agreement with the State through which he pled guilty to all counts in the indictment. In exchange, the State agreed to recommend that the court sentence defendant on the first degree robbery charge to a term of imprisonment not to exceed ten years, subject to an eighty-five percent period of parole ineligibility and five years of parole supervision, as mandated by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State also agreed to recommend that the sentences imposed by the court on the remaining charges run concurrent to the sentence for the first degree robbery charge.

Because defendant's petition seeking PCR is based on allegations of ineffective assistance of counsel related to the collateral consequences that his criminal conviction had on his immigration status, we will recite at length the parts of the plea hearing that are relevant to this issue.

Defendant's native language is Spanish. At the plea hearing held on February 28, 2014, defendant participated and communicated with the judge and his attorney through a court-certified interpreter. With the assistance of his attorney, defendant completed the standard plea form approved by the Administrative Office of the Court. This plea form is written in both English and Spanish. Defendant circled his responses to answer the questions on the form, and signed his name. Question 17 of the plea form addressed directly defendant's immigration status and the consequences of his criminal convictions:

> Question 17(a): Are you a citizen of the United States?
>
> Defendant circled "No/No[.]"
>
> Question 17(b): Do you understand that if you are not a citizen of the United States, this guilty plea may result in your removal from the United States and/or stop you from being able to legally enter or re-enter the United States?
>
> Defendant circled "Si/Yes[.]"
>
> Question 17(c): "Do you understand that you have the right to seek individualized advice from an attorney about the effect your guilty plea will have on your immigration status?"
>
> Defendant circled "Si/Yes[.]"
>
> Question 17(d): "Have you discussed with an attorney the potential immigration consequences of your plea?"

Defendant circled "No/No[.]"

Question 17(e): "Would you like the opportunity to do so?"

Defendant circled "No/No[.]"

Question 17(f): Having been advised of the possible immigration consequences and of your right to seek individualized legal advice on your immigration consequences, do you still wish to plead guilty?

Defendant circled "Si/Yes[.]"

As required under <u>Rule</u> 3:9-2, the record of the plea hearing shows the judge placed defendant under oath and thereafter questioned him directly to confirm he understood the terms of the plea agreement and the subject matter covered in the plea form. The following colloquy illustrates this point:

> THE COURT: Most importantly, it is of concern to the [c]ourt that you are not a United States citizen. Is that correct?
>
> DEFENDANT: That's correct, yes.
>
> THE COURT: And you understand that as a result of your plea today that you will be deported?
>
> DEFENDANT: Yes.
>
> THE COURT: Have you had a chance to discuss the matter with an immigration attorney?
>
> DEFENDANT: No.
>
> THE COURT: <u>You had the chance but did not do so</u>?
>
> DEFENDANT: <u>Yes</u>.

THE COURT: Do you wish to discuss the matter with an immigration attorney?

DEFENDANT: If that is going to help me.

THE COURT: I'm sorry?

DEFENDANT: If that's going to help me.

THE COURT: Well, I've told you that as a result of this plea you will be deported, and I can't give you advice. I'm the Judge here. The immigration attorney could advise you as to the result of pleading to charges like this clearly would lead to deportation. Knowing that and understanding that, do you wish to discuss the matter further with an immigration attorney?

DEFENDANT: <u>I don't care about this, your Honor</u>.

THE COURT: Well, it's his decision. I can't make it for him.

DEFENDANT: Okay.

THE COURT: Okay what?

(Defendant and counsel confer off record.)

DEFENDANT: <u>I understand that I'm going to be deported, so it's not necessary to talk with an immigration attorney</u>.

THE COURT: It is not necessary?

INTERPRETER: Not necessary.

[(Emphasis added.)]

On May 30, 2014, the court sentenced defendant consistent with the plea agreement to an aggregate term of ten years, subject

to the parole restrictions required by NERA. Thereafter, defendant filed a direct appeal challenging the sentence through the summary process available under Rule 2:9-11. Relying on State v. Tate, 216 N.J. 300, 302-03 (2015), we remanded the matter for resentencing for the court to merge the second degree possession of a shotgun for an unlawful purpose with the first degree armed robbery conviction. State v. Julio Freza, No. A-4326-14 (App. Div. Oct. 28, 2015). On December 18, 2015, the trial court corrected the error and resentenced defendant accordingly.

On January 7, 2016, defendant filed a pro se PCR petition and supporting legal memorandum alleging, inter alia, that the trial court and his attorney "misled defendant regarding the plea consequences of deportation proceedings and his need for counsel before such a plea was entered." In a certification attached to the petition, defendant alleged that he: (a) "never agreed to waive legal counsel for the deportation proceedings;" (b) "never got an opportunity to explain [his] side of the events;" and (c) "did not realize a guilty plea had been entered until after [he] had left the courtroom." Defendant also denies the accuracy of the transcript of the plea hearing that shows the colloquy between the judge and defendant regarding the deportation consequences of defendant's guilty plea.

The court assigned counsel to assist defendant prosecute the PCR petition. On September 26, 2016, the PCR judge heard argument from counsel. Although PCR counsel attempted to expand the focus of defendant's PCR petition to matters outside his immigration status, the PCR judge rejected this approach as untimely and not supported by defendant's certification. Ultimately, the PCR judge found defendant's unsupported allegations did not make out a prima facie case of ineffective assistance of counsel to warrant an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462 (1992). The PCR judged found defendant did not present competent evidence to establish that trial counsel's representation in this case amounted to ineffective assistance.

Defendant now appeals raising the following argument.

> POINT ONE
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

New Jersey courts have adopted the rule formulated in Strickland v. Washington, 466 U.S. 668 (1984) for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment. See State v. Fritz, 105 N.J. 42 (1987). To show ineffective assistance of counsel, a defendant must: (1) "show that counsel's performance was deficient" such that "counsel was not functioning as the counsel guaranteed the defendant by the

Sixth Amendment," and (2) "show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Ibid.

Based on this standard, we reject defendant's argument and affirm substantially for the reasons expressed by the PCR judge. The record shows the trial court informed defendant of the collateral consequences that his conviction would have on his immigration status. The mere raising of a claim for PCR does not entitle defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). An evidentiary hearing is only required when a defendant establishes a prima facie case of ineffective assistance pursuant to the two-prong standard in Strickland, and when "there are material issues of disputed fact that cannot be resolved by reference to the existing record[.]" R. 3:22-10.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-2390-16T4